## Commonwealth ex rel. v. United Warehouse Co., Inc.

March 5, 1943.

504

D. Bernard Coughlin for appellant.

B. S. Grannis and D. L. Wood for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On and prior to September 1, 1939, two of a considerable number of corporations engaged in the business of tobacco warehousemen, located in the city of Maysville, Kentucky, were appellee and defendant below, United Warehouse Company, and the Banner Warehouse Company. On the day indicated they entered into a written "mutual working agreement and joint venture for the operation of the warehouses" owned and operated by the two parties to the agreement, the joint supervision of the business to be conducted by a committee

of six members composed of three directors of each of the corporate parties to the agreement. They were to share equally the net proceeds and to bear the losses equally, if any. The contract as entered into was limited to "during the tobacco season of 1939-40," but it is alleged in the petition herein that the parties continued to operate under the agreement from the time it was made until the filing of this action on August 19, 1941.

The instant action is the one prescribed by section 480 of our Civil Code of Practice, and was instituted by the Commonwealth on relation of its Attorney General, to forfeit the charter of only one of the parties to the agreement, i. e., appellee and defendant, United Warehouse Company, there being no effort to dissolve or to forfeit the charter of the other party to the agreement, the Banner Warehouse Company. The ground for the relief sought—generally stated—is, that defendant by entering into the agreement on the terms stated committed such acts and misuse and abuse of its corporate authority as to create cause for forfeiting its charter as is contained in section 271.310 of KRS (section 569 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes). The court sustained defendant's demurrer filed to the petition, and plaintiff declining to plead further the action was dismissed, to reverse which plaintiff prosecutes this appeal.

The section of the statutes, supra, says: "Whenever any corporation has failed, or shall fail, to perform or comply with any requirement or provision of its charter under which it does business in this state, or shall be guilty of an abuse or misuse of its corporate powers, privileges or franchises, or shall become detrimental to the interest and welfare of the Commonwealth or its citizens, it shall be the duty of the attorney general of the state to institute such proceedings as may be proper and necessary to have forfeited and revoked the charter, powers, franchises and privileges of such corporation." It was enacted pursuant to authority conferred by section 205 of our Constitution, which provides that: "The general assembly shall, by general laws, provide for the revocation or forfeiture of the charters of all corporations guilty of abuse or misuse of their corporate powers, privileges or franchises, or whenever said corporations become detrimental to the interest and welfare of the Commonwealth or its citizens."

The question for determination, therefore, is: Whether the described acts as alleged in the petition constitute grounds for the forfeiture of defendant's charter and its dissolution within the contemplation of either the section of the Constitution or that of the statutes supra? It is true that the petition alleges with more or less amplification (as does also brief for appellant) that the attacked "mutual working agreement and joint venture," complained of, operates to the great detriment of the stockholders of and other interested parties in the authorized operations of defendant under its charter, and that it is likewise potential of disastrous results to the public—so much so as to create the right of the commonwealth to forfeit its charter; but such sweeping claims must, after all, be determined from the law itself as gathered from a proper interpretation of the sections of the Constitution and statutes referred to.

Before attempting such interpretation we deem it proper to make a brief survey of the law with reference to the right to forfeit charters of private commercial corporations. While recognizing the right of courts to forfeit charters of such corporations, the text in 14a C. J. 1094, Section 3687, nevertheless says: "Courts are disinclined to forfeit the charter of a corporation, especially where it is patent that the law has provided other sufficient remedies for the correction of the evils complained of; and the rule is applied with greater stringency where the corporation is solvent and active, or where the corporation was created for purposes of public utility, which it is the policy of the state to encourage and foster. The reason for declaring such a forfeiture must be solid, weighty, and cogent; there must have been a violation of some specific provisions of charter or statute; or a plain abuse of power, by which the corporation failed to fulfill the design and purpose of its creation; or some act of misuser or nonuser touching matters which are of the essentials of the contract between the sovereign and corporation, and involving, therefore, the public interest." Later in the section, and on page 1096 of the same volume, it is said: "Where discretion may be exercised, dissolution will not ordinarily be granted for acts or for a failure to act, for which adequate remedies are afforded in equity or at law." See, also, 19 C. J. S., Corporations, Section 1651.

Cases from a number of courts of this country are

cited in support of that text, including that of Commonwealth v. Newport, &c., Turnpike Co., 97 S. W. 375, 376, 29 Ky. Law Rep. 1285, which was an action in the name of the Commonwealth on relation, etc., to accomplish the same purpose as plaintiff seeks in this one—the ground there being that the defendant corporation had knowingly and wilfully violated its charter rights in demanding and collecting tolls from patrons of its turnpike. After setting forth the facts concerning the interpretation of the same sections of the Constitution and statutes here involved this court said: "At any rate, upon the facts alleged, the process of the criminal courts should have been invoked to remedy the evils complained of, before asking the corporate death of appellee. For every act of appellee relied on in the petition as constituting an abuse or misuse of its charter franchises a penalty is provided, either by statute or at the common law," etc. See section 271.990, KRS (section 550 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes)

In the same volume of Corpus Juris, page 1107, Section 3712, the text treats of "misuser" of charter privileges and authorities, and says of it that: "The infliction of the sentence of corporate death must rest upon grave cause and be warranted by material misconduct." It then proceeds to define what is embraced by "misuser" of such authority and privilege granted by charter, and which are: (1) misuser with respect to matters which are the essence of the contract between the corporation and the state; (2) it must be done by the corporation with knowledge of its unlawfulness, and (3) it must inflict injury upon the public generally. Later in the same section the text says: "but a mere irregularity in the performance of the statutory requirements is not a violation within the meaning of the statute justifying a decree of forfeiture thereunder."

In the next section (Section 3713, on page 1108 of the same volume) the text says: "The misuser must inflict injury on the public generally." However, in connection therewith it is stated, "It is not necessary to prove actual injury to the public if the inevitable tendency of the act is injurious to the public a sufficient ground of forfeiture exists." Following language in the same text discloses when the complained of act, alleged to be a departure from charter authority, will create

grounds for forfeiture of a charter. They are—as enumerated in the text—"Wherever the transgression of a corporation threatens the welfare of the people" and when the alleged unauthorized act "destroys their (corporation's) normal functions and maims and cripples their separate activity and takes away their free and independent action" so as to "disappoint the purpose of their creation" and to "affect unfavorably the public interests. Generally speaking, if no public detriment is involved, a statute which provides in general terms that a failure to comply with the provisions of its charter, or an abuse of its corporate powers, shall be ground for forfeiture, but omits to specify any particular for which a forfeiture will be granted, will be liberally construed." See, also, 19 C. J. S., Corporations, Section 1663.

In stating the prevailing rule that should guide courts in proceedings to forfeit charters of private commercial corporations, the text in volume 16, page 753, section 8035, of Fletcher's Cyclopedia of Corporations, Permanent Edition, says: "The well-established proposition that forfeitures are not favored by the courts applies with full force to forfeitures of corporate charters. Courts are adverse to declaring forfeitures 'especially at the suit of individuals who show no interest in the matter complained of.' Corporations should not be destroyed without abundant reason, and the power of forfeiting their charters and depriving them of their corporate life should not be lightly exercised. So in exercising their jurisdiction in the matter, the courts will proceed with due caution, and will not declare a forfeiture of the corporate charter or a dissolution of the corporation, even at the suit of the state, except in a clear case."

In section 8055, page 774 of the same volume it is stated that: "Unless a statute so requires, a forfeiture or dissolution will not be decreed for acts merely in excess of the corporate powers." Further along in the same section it is said: "It is an implied condition on the part of the corporation, a breach of which is ground for forfeiture, that the corporation shall 'so manage and conduct its affairs that it shall not become dangerous or hazardous to the safety or well being of the state or community in and with which it transacts its business.'" The inserted text from the last-cited publication refers

in notes thereto to other chapters of the same work substantiating what is contained in the references to the text in 14a Corpus Juris, supra, pointing out generally that it is not every act of misuse or abuse of corporate authority that would authorize forfeiture proceedings, and which is especially true if the matter complained of relates only to the *method* and *manner* of transacting the business for which the corporation was chartered, although such method and manner departed from the customary ones, even to the extent that stockholders and others interested in the corporate affairs might enjoin the step being taken by the accused corporation.

The only action taken by the corporation here alleged in the petition as being sufficient to justify a forfeiture decree, as herein sought, consists in (a) the agreement whereby the two involved corporations united their efforts and appropriated their facilities to accomplish the *same* purpose for which each of them was incorporated, and providing means whereby such an agreement may be carried out to the financial benefit of both parties, by saving the expense of compensating two sets of employees, when under the agreement the necessary services to carry along the functions of each corporation might be performed with only one set of employees. Hence, it is stated in the agreement that it was entered into for mutual economical purposes. It is further insisted (b) that each corporation surrendered its corporate powers to the agreed upon committee which supervised the operation of the business as agreed upon between the parties.

But the members of the committee were mere agents appointed by the board of directors of each corporation and, of course, were constantly subject to the orders of their respective principals. We do not think the powers of either corporation were exceeded in that respect.

It is insisted, however, that a corporation may not form a partnership with another corporation or with an individual under a charter granting to it specific privileges, and which appears to be the general law—and especially so when the business of the taken in partner is not the same character in which the corporate partner was authorized by its charter to engage, but which is not true in this case, since both parties to the agreement were and still are engaged in the same business authorized by their respective charters. But the rule forbidding a cor-

poration to form such a partnership does not apply to joint adventure embarcations and which it would appear is especially true when the corporate partner does not deviate from the business for which it was organized, as set forth in its charter. Therefore even though it should be conceded that an incorporated partnership could not jointly prosecute its corporate business in partnership with another, then the situation would be only the adoption of unauthorized methods for the prosecution of the authorized business and not the engagement in a business not authorized by its charter. We do not construe such cases to come within the purview of the section of our statutes and Constitution relied on and cited supra. On the contrary, it is our conclusion that, at the utmost, the attacked agreement could not possibly have any other effect than to furnish grounds for a stockholder, or other interested party, to enjoin the carrying out of the agreement, but it does not furnish grounds for the forfeiture proceedings outlined in section 569, supra, of our statutes.

We have read—in endeavoring to draw the line separating acts of corporations by which forfeiture rights are created, and those not creating the right—all the text authorities and opinions that are available to us, and we have found none departing from the principles above outlined. Therefore, the conclusion we have reached is not only supported by both written and statutory law, but also by just and equitable consideration, since it is difficult—to say the least of it—for corporate affairs to always be conducted in every detail, according to the strait jacket requirement contended for by plaintiff. Because thereof no forfeiture should follow any departure that may be corrected through afforded proceedings by those interested in the affairs of the corporation, without decapitating it, which is especially true when the complained of departure produces no elements of *danger* or *hazard* to the public or those interested in its affairs. We do not find it necessary to catalogue instances where a different result might accrue, creating the right of forfeiture, since we are required to determine only the question arising from the concrete facts of this case, and which we conclude are insufficient to sustain the adopted procedure invoked by the Commonwealth. We deem it not improper to state that the Attorney General appears to have taken no active part in the prosecution of this

case—he only consenting that the action might be prosecuted in the name of the Commonwealth on relation of himself as such officer.

Wherefore, the judgment is affirmed.

The Whole Court sitting.